IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Joseph Jones, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| Accounts Recovery Bureau, Inc., a Pennsylvania corporation, | ) 1 : 10-cv-1212-Jms-DML ) ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Joseph Jones, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Joseph Jones ("Jones"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for medical services.

4.     Defendant, Accounts Recovery Bureau, Inc. ("ARB"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, ARB was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant ARB is licensed to conduct business in Indiana and maintains a registered agent here. In fact, ARB conducts business in Indiana.

## FACTUAL ALLEGATIONS

6.     On August 3, 2010, Mr. Jones filed a Chapter 7 bankruptcy petition in a matter styled In re: Jones, S.D. Ind. Bankr. No. 10-11697-FJO-7. Among the debts listed on Schedule F of Mr. Jones' bankruptcy petition was a debt he allegedly owed to Clarian Health Partners, and both ARB and Clarian Health Partners were listed on the bankruptcy petition regarding this debt. See, excerpt of bankruptcy petition attached as Exhibit A.

7.     On August 7, 2010, both ARB and Clarian Health Partners were sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit B.

8.     Nonetheless, Defendant ARB directly called Mr. Jones on September 7, 2010 to demand that he pay the Clarian Health Partners' debt.

9.     Accordingly, on September 8, 2010, Mr. Jones' bankruptcy attorney had to tell Defendant ARB to cease its illegal collections and communications, see, September 9, 2010, letter to ARB attached as Exhibit C.

10. All of Defendant ARB's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant ARB's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Demanding payment of a debt that is no longer directly owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

18. Defendant ARB, and the creditor, Clarian Health Partners, were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue. By directly calling Mr. Jones on September 7, 2010, despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

19. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Joseph Jones, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jones, and against Defendant ARB, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Joseph Jones, demands trial by jury.

Joseph Jones,

By: _____
One of Plaintiff's Attorneys

Dated: September 24, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 W. Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com